CV - 11   1296

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

MAR 1 7 2011   ★

LONG ISLAND OFFICE

# IN THE UNITED STATES DISTRICT COURT★
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YOSEF LOWENBEIN, on behalf of himself and all others similarly situated | ) ) ) |
| Plaintiff, | ) ) |
| -against- | ) ) ) |
| LTD FINANCIAL SERVICES, L.P. | ) ) ) |
| Defendant. | ) ) ) |

( ST )

ROSS, J.
J. ORENSTEIN, M.

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff Yosef Lowenbein seeks redress for the illegal practices of LTD Financial Services, L.P. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed for a consumer purpose.

4. Defendant's principal place of business is located in Houston, Texas.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §
      1692(a)(6).

### Jurisdiction and Venue

7.    This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §
      1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and
      transactions that give rise to this action occurred, in substantial part, in this district.

9.    On information and belief, on a date better known by defendant, defendant attempted to
      collect an alleged consumer debt from the plaintiff.

10.   On or about March 10, 2011 a collector threatened the plaintiff that defendant would
      garnish everything that the plaintiff owns.

11.   Said threat was a false threat.

12.   On or about March 12, 2011 a collector left a message for the plaintiff which made it
      clear that the message was from a debt collector.

13.   On or about the said date, the collector left a message that the collector was going to
      contact the plaintiff's brother and parents.

14.   The defendant clearly had the plaintiff's contact information as the plaintiff and
      defendant had spoken prior to March 12, 2011.

15.   Upon information and belief, the defendant's collector did not single out the plaintiff by
      making such an illegal threat to contact the plaintiff's relatives when the defendant
      already had the plaintiff's contact information.

16.    The said telephone call and message are in violation of the Fair Debt Collection

Practices Act, 15 U.S.C. §§  1692e(5), 1692e(11) and 1692e(10).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

17.    Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-16 as if

set forth fully in this Cause of Action.

18.    This action is brought on behalf of plaintiff and the members of two classes.

19.    Class A consists of all persons whom Defendant's records reflect resided in the State of

New York and who received telephonic message or a live call from one of defendant's

representative within one year prior to the date of the within complaint up to the date of

the filing of the complaint; (a) the telephone message was placed to a consumer seeking

payment of a consumer debt and threatened to contact the plaintiff's relatives when the

defendant already had the plaintiff's contact information; and (c) that the telephone

messages were in violation 15 U.S.C. §§ 1692c, 1692e, 1692e(5) and 1692e(10).

20.    Class B consists of all persons whom Defendant's records reflect resided in the State of

New York and who received telephonic message or a live call from one of defendant's

representative within one year prior to the date of the within complaint up to the date of

the filing of the complaint; (a) the telephone message or call was placed to a consumer

seeking payment of a consumer debt and threatened to garnish everything the consumer

owns; and (c) that the telephone messages were in violation 15 U.S.C. §§ 1692e(5) and

1692e(10).

-3-

21.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

22.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of

inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

23.   If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

24.   Collection attempts, such as those made by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

25.   The actions of the defendant violate the Fair Debt Collection Practices Act.

26.   Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a)   Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b)   Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)   Any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION

27.   Plaintiff realleges paragraphs 1 through 9 as if fully set forth herein.

-5-

28.  On or about March 10, 2011 plaintiff spoke with a collector on behalf of the defendant.

29.  The collector indicated to the plaintiff that he owed a debt to Chase.

30.  The collector was very nasty and told the plaintiff that the defendant would garnish everything that the plaintiff owned.

31.  Plaintiff asked the collector why they contacted the plaintiff at his parent's address

32.  Plaintiff indicated that his does reside at his parent's address.

33.  Plaintiff indicated that his parent's telephone number that they had called was not his number

34.  Prior to March 10, 2011 collectors had contacted the plaintiff's father and indicated to the plaintiff's father that the plaintiff owed a debt.

35.  One of defendant's collectors called the plaintiff's grandmother and indicated that the plaintiff had owed a debt.

36.  Plaintiff's grandmother asked the plaintiff why he was embarrassing the family.

37.  Plaintiff has suffered emotional distress over the illegal disclosures of the defendant.

38.  Defendant violated 15 U.S.C. §§ 1693c, 1692d, 1692e(5), 1692e(11) and 1692e(10).

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and against the defendant and award damages as follows:

   (d)   Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k);

   (e)   Attorney fees, litigation expenses and costs incurred in bringing this action; and

-6-

(f)    Any other relief that this Court deems appropriate and just under the

circumstances.

Dated: Cedarhurst, New York
       March 16, 2011

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

-7-